RK

19-CV-2268

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19 2268

**I. (a) PLAINTIFFS**

Munirah Lowery

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Christopher A. Macey, Jr., Bell & Bell, LLP, 1617 JFK Blvd. Ste. 1254, Philadelphia, PA 19103 (215) 569-2500

**DEFENDANTS**

Pyramid Club Management, Inc., d/b/a The Pyramid Club

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

George S. Lones, Esq., 3030 LBJ Freeway Ste. 600, Dallas, TX 75234, (972) 888.7320

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

Brief description of cause:
Sex Discrimination, Harassment, and Retaliation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE DOCKET NUMBER

DATE
05/23/2019

SIGNATURE OF ATTORNEY OF RECORD

MAY 23 2019

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

S.T.



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 2268

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 120 W. Loudon St., #2, Philadelphia, PA 19120

Address of Defendant: 1735 Market Street, 52nd Floor, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 1735 Market Street, 52nd Floor, Philadelphia, PA 19103

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/23/2019 ______ *Attorney-at-Law / Pro Se Plaintiff* 207800 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher A. Macey, Jr., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 05/23/2019 ______ *Attorney-at-Law / Pro Se Plaintiff* 207800 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAY 23 2019

*Civ. 609 (5/2018)*

RK

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Munirah Lowery : CIVIL ACTION

v. :

Pyramid Club Management, Inc., : NO. 19 2268

d/b/a The Pyramid Club

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☑

| May 23, 2019 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-2500 | (215) 569-2220 | Christophermacey@bellandbelllaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 23 2019



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAY 23 2019
KATE BARKMAN, Clerk
By ________ Dep. Clerk

MUNIRAH LOWERY,

PLAINTIFF,

v.

PYRAMID CLUB MANAGEMENT, INC. D/B/A THE PYRAMID CLUB,

DEFENDANT.

Civil Action No. 19 2268

JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

Plaintiff Munirah Lowery, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Munirah Lowery (hereinafter "Ms. Lowery" or "Plaintiff"), a former employee of Pyramid Club Management, Inc. d/b/a The Pyramid Club (hereinafter "TPC" or the "Company"). Ms. Lowery has been harmed by TPC's discrimination and harassment on the basis of her sex, and retaliation for Ms. Lowery's complaints about discrimination and harassment.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be

commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On July 20, 2018, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On February 25, 2019, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1] [2]

**VENUE**

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

7. This action properly lies in the Eastern District of Pennsylvania because the claims arose in this judicial district, and Plaintiff was employed by Defendant in this judicial district.

**PARTIES**

8. Plaintiff Munirah Lowery is an adult female citizen and resident of Philadelphia, Pennsylvania and the United States of America.

---

[1] It has been less than one year since Ms. Lowery requested that her Charge of Discrimination be dual-filed as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Ms. Wilson will seek to amend her Complaint in this matter to add her PHRA claims once she has exhausted her administrative remedy with respect to those claims.

[2] After Ms. Lowery was issued the Right to Sue by the EEOC, Defendant terminated Ms. Lowery, on March 15, 2019. Ms. Lowery is in the process of filing an administrative charge with respect to her termination. She will seek leave to amend to add those claims at an appropriate time.

9. Defendant TPC is a Pennsylvania corporation with a corporate office located at 3030 LBJ Freeway, Suite 600, Dallas, TX 75234, and a business location at 1735 Market Street, 52nd Floor, Philadelphia, PA 19103, where Plaintiff was employed.

10. Defendant TPC is a private business club with dining and meeting facilities.

11. At all relevant times, Defendant TPC is and has been an employer employing more than fifteen (15) employees.

12. Defendant does significant business within the Commonwealth of Pennsylvania.

13. At all relevant times, employees of TPC acted as agents and servants for TPC.

14. At all relevant times, employees of TPC were acting within the scope of their authority and in the course of employment under the direct control of TPC.

15. At all times material hereto, TPC acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with TPC and in furtherance of TPC's business.

16. At all relevant times hereto, Plaintiff Munirah Lowery was an "employee" of Defendant TPC within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

17. At all relevant times hereto, Defendant TPC was an "employer" and/or "person" as defined by the laws at issue in this suit and is accordingly subject to the provisions of said laws.

18. This Honorable Court has jurisdiction over Defendant.

**FACTS**

19. Ms. Lowery was hired by TPC in or about March of 2017 as a Banquet Server.

20. As a Banquet Server for TPC, Ms. Lowery performed various tasks for the dining facility, including setting up for weddings and private parties and providing various dining related services for meetings and dining events.

21. During her employment with TPC, Ms. Lowery performed her duties in an excellent manner.

22. Despite her dedication, and consistent performance, Ms. Lowery was subjected to egregious sexual harassment and discrimination by Executive Chef Nicholas Cassidy. And to retaliation after raising complaints about discrimination and harassment.

23. On numerous occasions, Ms. Lowery observed Mr. Cassidy engage in inappropriate sexual interactions with other female employees, including several female banquet servers, at TPC.

24. Specifically, Mr. Cassidy and various female employees at TPC would enter a storage closet at work and engage in sexual relations.

25. Ms. Lowery learned that Mr. Cassidy would use the phrase, "Are you ready?" to the female banquet servers with whom he was sexually involved, to indicate that it was time to go to the storage closet and have sexual relations.

26. In addition to engaging in these inappropriate sexual relations at work with several female employees, Mr. Cassidy made inappropriate and harassing comments directed to Ms. Lowery, and attempted to induce her to engage in sexual relations with him.

27. For example, on one or more occasions, Mr. Cassidy made inappropriate comments to Ms. Lowery regarding her appearance, such as: "You're very pretty."

28. In April 2018, Mr. Cassidy used his phrase, "Are you ready?" directed to Ms. Lowery, indicating that she should go into the storage closet with him and engage in sexual relations.

29. Despite her knowledge of his code phrase, in an effort to curtail this inappropriate exchange, Ms. Lowery informed Mr. Cassidy that she didn't know what that meant.

30. In response, Mr. Cassidy indicated that she knew what it meant.

31. Ms. Cassidy rejected Mr. Cassidy's sexual proposition.

32. This exchange and sexual propositioning by Mr. Cassidy made Ms. Lowery extremely uncomfortable, as Mr. Cassidy was her supervisor, and she did not want to be subjected to discrimination or retaliation for rejecting his sexual advances.

33. Despite her fear of retaliation, unlike a number of her co-workers, Ms. Lowery refused to be pressured into engaging in sexual relations with Mr. Cassidy.

34. Notwithstanding the inappropriate pressure to engage in sexual acts with her supervisor, Ms. Lowery continued to carry out all of her duties and perform her work in an efficient, ethical and excellent manner, as she had always done.

35. Shortly thereafter, on April 19, 2018, Mr. Cassidy asked Ms. Lowery to help him with boxes in a back room.

36. Upon entering the room, however, when Ms. Lowery was turned with her back to Mr. Cassidy, Mr. Cassidy walked up behind her, pressed his body against hers, slid his hands from the outside of her hips to the outside of her thighs, and pushed his erect penis against Ms. Lowery's buttocks.

37. Ms. Lowery, frightened and in shock, quickly left the room.

38. Ms. Lowery did not feel comfortable reporting Mr. Cassidy's blatant sexual harassment to General Manager Richard Winland, as it was known that Mr. Winland and Mr. Cassidy were close friends.

39. Ms. Lowery thus waited until the night supervisor, Hassan Brown, arrived at work, and reported to the incident to him.

40. Once Ms. Lowery reported Mr. Cassidy's sexual harassment to Mr. Brown, Mr. Brown reported the incident to TPC Service Director Laura Maenak.

41. Ms. Maenak then reported Mr. Cassidy's conduct to General Manager Richard Winland.

42. Ms. Lowery learned that Mr. Winland and Mr. Cassidy went to a bar that evening to discuss Ms. Lowery's report of sexual assault and harassment.

43. At the bar, Mr. Cassidy admitted to Mr. Winland that he had engaged in sexual relations with several female co-workers, but denied sexually assaulting Ms. Lowery in the back room.

44. Ms. Lowery's complaint of discrimination and harassment was reported to Human Resources.

45. On April 20, 2018, Human Resources representative Laura Gilham had a conference call with Ms. Lowery, and informed her that her complaint would be investigated by the Company.

46. After rejecting his sexual advances on more than one occasion, and reporting his inappropriate harassment, Ms. Lowery was both fearful and uncomfortable at the prospect of having to work with Mr. Cassidy.

47. Ms. Maenak informed Ms. Lowery, however, that she should not be concerned, as Mr. Cassidy had admitted to engaging in inappropriate sexual relations with other female employees at work and thus, Mr. Cassidy would be terminated by TPC.

48. Despite Ms. Maenak's assurances that Mr. Cassidy would be terminated due to his admission of wrongful sexual conduct at work, Ms. Lowery was shocked to discover that, upon reporting to work on April 21, 2018, Mr. Cassidy was still employed by and working for TPC.

49. Ms. Lowery was so disturbed and upset to be forced to work directly with Mr. Cassidy that she began to cry.

50. Ms. Lowery immediately approached Ms. Maenak and asked why Mr. Cassidy was still working and employed by TPC.

51. In response, Ms. Maenak simply stated that, "We need someone to run the kitchen."

52. Ms. Maenak sent Ms. Lowery home for the day and indicated that she would be given a paid day off.

53. Ms. Lowery remained both fearful and extremely uncomfortable at the prospect of having to work the same shifts as Mr. Cassidy, who had sexually harassed and assaulted her, whom she had rejected multiple times, who was her supervisor, and who knew that she had reported his wrongful conduct.

54. Due to this fear and extreme discomfort at being around Mr. Cassidy, Ms. Lowery took off the week of April 23, 2018 through April 27, 2018.

55. Because she needed her job, despite her fear and discomfort, Ms. Lowery returned to work on April 28, 2018 and continued to work diligently and professionally.

56. Despite the Company's prior assurances to Ms. Lowery that Mr. Cassidy would no longer be permitted to work for the Company, Mr. Cassidy continued to work at TPC.

57. Thus, Ms. Lowery was repeatedly forced to work the same shifts as the individual who had sexually assaulted and harassed her.

58. Ms. Lowery continued to question the Company regarding the investigation, any action taken against Mr. Cassidy, and particularly, when the Company would terminate Mr. Cassidy, as it said it would in April 2018.

59. On May 3, 2018, while Mr. Cassidy continued to work at TPC, Ms. Lowery was informed by TPC's Human Resources that TPC had "taken the appropriate remedial action" with respect to Ms. Lowery's complaint.

60. Despite the Company's statement regarding having taken appropriate remedial action, and Ms. Lowery's continuous inquiries regarding the alleged termination of Mr. Cassidy's employment, the Company failed and/or refused to address Ms. Lowery's concerns, and she was repeatedly compelled to work with Mr. Cassidy after reporting the sexual assault and harassment.

61. Moreover, after reporting the sexual assault and harassment, Ms. Lowery was subjected to open retaliation by the Company.

62. For example, after her report, Ms. Lowery was written up for failing to provide advance notice for calling out when she could not possibly have provided such advance notice.

63. In one particular instance, Ms. Lowery called out when she was ill, and was written up for failing to provide advance notice at least the day before. Ms. Lowery could not have provided any advance notice, however, as she had not been ill the day before, and could not have predicted that she would wake up sick.

64. Thus, instead of correcting the hostile atmosphere or effectively removing the harasser from the Company, TPC retaliated against Ms. Lowery, and attempted to create a false paper trail in order to terminate her.

65. In addition, despite working several shifts per week prior to her complaints, after Ms. Lowery complained about discrimination and harassment, Ms. Maenak significantly reduced the number of shifts that Ms. Lowery was scheduled to work.

66. This schedule change occurred almost immediately following Ms. Lowery's complaints and the alleged "appropriate remedial action" taken by the Company, which action plainly did not involve removal or termination of her harasser.

67. On or about May 14, 2018, because Ms. Lowery's complaints had not been addressed in any meaningful way, as Mr. Cassidy was still employed by the Company, and because TPC was actively retaliating against Ms. Lowery for daring to complain and report the sexual assault and harassment, Ms. Lowery informed the Company that she would be resigning, effective June 5, 2018.

68. Two days later, on May 16, 2018, Ms. Lowery approached Ms. Maenak to retract her resignation, as she did not want to be considered a "quitter."

69. Ms. Maenak did not immediately accept the retraction, and informed Ms. Lowery that she would consider whether to allow Ms. Lowery to continue her employment at the Company.

70. Ms. Maenak noted that Ms. Lowery's reliability had been "questionable recently," and accused her of having a lack of interest at work.

71. Later, Ms. Maenak relented and "accepted" Ms. Lowery's retraction of her resignation.

72. Finally, in or about late June of 2018, months after her report of sexual assault and harassment, Mr. Cassidy announced that he had taken a position as Executive Chef at another restaurant.

73. Ms. Lowery was discriminated against and harassed on the basis of her sex, and retaliated against because of her complaints and her refusal to give in to Mr. Cassidy's sexual advances, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

74. Ms. Lowery has been discriminated against, harassed and retaliated against by Defendant TPC in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

75. Ms. Lowery has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

76. Defendant TPC's agents and employees acted with the intent of causing, or in reckless disregard of the probability, that their actions would cause Ms. Lowery severe emotional distress.

77. Ms. Lowery has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Defendant.

**COUNT I**
**Sex Discrimination, Harassment and Retaliation**
**(Title VII, 42 U.S.C. § 2000(e) et seq.)**

78. Plaintiff Munirah Lowery repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

79. Based on the foregoing, Defendant TPC engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

80. In discriminating against and harassing Ms. Lowery because of her sex, and retaliating against Ms. Lowery for her complaints about sex discrimination and harassment, and for her refusal to give in to the sexual advances of her supervisor, Mr. Cassidy, Defendant violated Title VII.

81. Defendant's violations were intentional and willful.

82. Defendant's violations warrant the imposition of punitive damages.

83. As a direct and proximate result of the unlawful employment practices engaged in by Defendant, Plaintiff Munirah Lowery has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

84. Plaintiff Munirah Lowery repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Munirah Lowery respectfully requests that this Court enter judgment in her favor and against Defendant:

a. Declaring that the acts and practices complained of herein violate Title VII;

b. Enjoining future violations of Title VII by Defendant;

c. Awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's conduct;

d. Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering;

e. Awarding punitive damages to Plaintiff;

f. Awarding Plaintiff costs of this action together with her reasonable attorneys' fees;

g. Awarding Plaintiff such other damages as are appropriate under Title VII; and

h. Granting such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff Munirah Lowery hereby demands trial by jury as to all issues so triable.

By: ______________________
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Boulevard
Suite 1254
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiff Munirah Lowery*

Dated: May 23, 2019